KESER *v.* U. S. S. LEAD REFINERY, INCORPORATED.

[No. 13,302. Filed November 21, 1928.]

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark,* for appellant.
*William J. Whinery,* for appellee.

THOMPSON, J.—Appellant filed his claim for compensation against appellee for injuries sustained by him by reason of an accident arising out of and in the course of his employment. To this claim, appellee filed an answer in two paragraphs, the first paragraph being in general denial, and the second paragraph alleging that appellant's claim was not filed within two years from the date of injury. To the second paragraph of answer, appellant filed a reply alleging, in substance, that, with the intention to cheat and defraud the appellant, the appellee falsely and fraudulently represented to appellant that if he would not take any action or actions of any kind, nature or character against the appellee company for the injuries sustained by him or would not consult any lawyer or lawyers in connection therewith, the appellee company would furnish him with employment for the rest of his natural life; that the appellant relied

upon the promises and statement so made by the appellee, through its servants, agents and employees, and did not bring or cause to be brought any actions against the appellee and did not consult any lawyer or lawyers with reference to his claim, but accepted and relied upon the promises so made to him by the appellee company; that on August 4, 1925, the appellee gave the appellant employment until and including October 24, 1927, on which date the appellee discharged appellant.

Upon the facts shown by the evidence, the Industrial Board found that, on and prior to December 27, 1924, the appellant was in the employ of appellee at an average weekly wage of $27.09; that on said date appellant received a personal injury by reason of an accident arising out of and in the course of his employment with appellee; that prior to August 4, 1925, the appellee, through its representative, did represent to appellant that if he would not file any claim against appellee, said appellee would provide appellant with employment for life; that appellant relied upon said representations and did not file his claim within two years from the date of his injury.

Appellant was denied compensation, and said claim was dismissed for want of jurisdiction.

The error assigned is that the award is contrary to law.

The result of this case depends upon whether or not the Industrial Board has equity jurisdiction and, therefore, authority to make an award on a claim for compensation filed after the expiration of two years from the date of claimant's injury.

Section 9469 Burns 1926 reads as follows: "The right to compensation under this act shall be forever barred unless, within two years after the injury, or, if death results therefrom, within two years after such death, a claim for compensation thereunder shall be filed with the Industrial Board."

This court has repeatedly held that the Industrial

Board is not a court; that it is merely an administrative body. In the performance of its statutory duties it is frequently required to act in a manner which closely resembles judicial action. Nevertheless it belongs to the executive department of the state government and may not exercise judicial power. State Constitution, Art. 3; *Kingan & Co.* v. *Buford* (1917), 65 Ind. App. 182, 116 N. E. 734.

In support of his contention that the Industrial Board has equity jurisdiction, appellant cites the case of *Inland Steel Co.* v. *Jelenovic* (1926), 84 Ind. App. 373, 150 N. E. 391. The decision of this court in that case, however, would have no bearing on the present case, since, in the former case, the statute was suspended by reason of a declaration of war.

In the case of *Omin* v. *Baltimore, etc., R. Co.* (1917), 8 Ohio App. 161, which action was brought under §8662 U. S. Comp. Stat. 1913, federal Employers' Liability Act, which provides that, "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued," the court said: "The plaintiff seeks to avoid the effect of this statute by pleading the conduct of the defendant in giving him employment upon the condition that he forebore to bring suit. But it has been held in several well-considered cases that the statute just cited confers a right to which is attached a condition that it be enforced within the stated period, two years. The act creates a liability where none existed theretofore, and it takes away defenses which were formerly available. Coupled with the enlargement of the liability of carriers is the limitation that no action shall be maintained under the act unless commenced within two years from the time the cause of action accrued. This condition in the statute is not an ordinary statute of limitations. It affects the right and not the remedy. If it were merely a statute of limita-

tions, we have no doubt that the defendant would be estopped from setting up the failure of the plaintiff to bring his action within two years by reason of its agreement with him to give him employment upon the condition that he forebore to bring an action to recover damages. The time within which the suit must be brought operates as a limitation of the *liability*, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has apparently been made of the essence of the right, and the right is lost if the time is disregarded. The liability, which did not exist apart from the statute, and the remedy are created by the same statute, and the limitations upon the plaintiff's right to maintain the action are to be treated as limitations of the right and not limitations upon the remedy."

As to whether or not the contract alleged in appellant's reply is such as would toll the statute of limitations in this case, we hold that it would not, and that the limit of time must be regarded not merely as a statute of limitations but also as one of the conditions of the right of action. See, also, *McRae* v. *New York, etc., Railroad* (1908), 199 Mass. 418, 85 N. E. 425; *Carrico* v. *Templeton Coal Co.* (1928), 87 Ind. App. 147, 159 N. E. 695.

We hold that any right of action which appellant might have would be in a court of law for damages. We hold that the award of the Industrial Board is not contrary to law, and said award is affirmed.