## MILLER *v.* W. H. GRAMMER & SON.

[No. 14,643. Filed September 28, 1932. Rehearing denied February 23, 1933.]

*Ralph W. Ewry, James J. Moran, Albert T. Franz,* and *Shively & Arnold,* for appellant.

*John Wilfred Niemiec,* for appellee.

WOOD, C. J.—On June 27, 1929, appellant received personal injuries by reason of an accident arising out of and in the course of his employment by appellee. On August 3, 1931, appellant filed his application for adjustment of claim for compensation with the Industrial Board.

On September 28, 1931, a hearing was had on said application before a single member of the Industrial Board. At this hearing, and before the introduction of any evidence, the appellee moved that the application of appellant be dismissed, for the reason that from the averments thereof, it appeared in the application itself, that the injury for which appellant was seeking compensation

occurred more than two years before the application for adjustment of compensation was filed with the Industrial Board, and that therefore said board did not have jurisdiction to hear and try the cause. To counteract the effect of this motion, appellant filed with the Industrial Board what he designated as an "amended showing of petitioner" which was verified, in which he alleged that the appellee and the insurance carrier had full knowledge of his injuries; that he was at that time receiving compensation for a former injury; that he was advised by representatives of the insurance company that all papers necessary for him to prepare and file for compensation for injuries received in the second accident were in good condition, but that he could not draw compensation for the second injury until compensation for the first injury ceased; that when the time arrived he would be further examined by a physician representing the insurance company, for the purpose of determining the nature and extent of his injuries as a basis for adjusting compensation; that he should not employ an attorney or take any further steps; if he needed any further advice he should come to the office of the insurance company, where he would be correctly advised as to the steps to be taken; that he relied upon the representations and believed them to be true; followed the instructions and advice of the insurance company, fully expecting them to be carried out, and knew nothing to the contrary until he called at the office of the insurance company in the city of Indianapolis, on August 4, 1931, when he was informed by one of its representatives that the time within which to file his claim had expired, and for that reason it would not pay him compensation for his injuries.

The hearing member of the Industrial Board entered an award denying compensation for want of jurisdiction. Appellant filed an application for a review of this award by the full board. Upon a hearing before the full Industrial Board an award was made in words and figures as follows:

"It is therefore considered and ordered by the full Industrial Board that the plaintiff's claim for compensation filed herein on August 31, 1931, be and the same is hereby dismissed for want of jurisdiction."

From this award appellant appeals to this court assigning as error that the award of the full board is contrary to law.

Counsel for appellee has not filed any briefs. Counsel for appellants have not pointed out any prima facie error, entitling them to a reversal of this cause.

The facts are somewhat similar, while the principle of law and its necessary application are identical, in the instant case, with those considered and passed upon by this court in the case of *Keser* v. *U. S. S. Lead Refinery* (1928), 88 Ind. App. 246, 163 N. E. 621, upon the authority of which case the case at bar is affirmed.