RITMAN, RECEIVER, OLD FIRST NATIONAL BANK & TRUST CO. ET AL. *v.* WASS.

[No. 18,597. Filed March 14, 1955.]

*Parry & Barns,* of Fort Wayne, and *Harold Wallick,* of Indianapolis, for appellants.

*Hoffman & Hoffman,* of Fort Wayne, for appellee.

KELLEY, C. J.—On April 26, 1945, an award of compensation against appellants was granted appellee, as widow and sole dependent of her husband, Samuel Wass, who sustained fatal injuries under circumstances creating a legal liability in a third person tort-feasor. The

award was in the amount of $5500, payable in 300 weekly installments, beginning April 11, 1944, together with reimbursement for medical, hospital, and funeral expenses. No part of said award has been paid to appellee.

Appellee, as administratrix of her husband's estate, instituted an action for damages against the wrong-doer, which said action remains undisposed of in the DeKalb Circuit Court.

On May 16, 1953, appellee requested of appellants the payment of her said award, and appellants, on May 25, 1953, filed their written motion with the Industrial Board to set aside and declare null and void appellee's said award for the alleged reasons hereinafter referred to. Thereafter, appellee filed with the Board her motion to dismiss appellants' said motion on the ground that it was not filed within the statutory time and that the Board was without jurisdiction to hear and determine the same.

In pertinent substance, appellants' motion alleged: that appellee's attorneys, who also represented a number of other claimants against said third person tort-feasor for damages arising out of the same occurrence which caused the death of appellee's husband, had negotiated a "package" settlement with said tort-feasor whereby an agreed settlement sum of $25,000, less $5500 (being an amount equal to appellee's said compensation award), was to be paid to said attorneys, and said settlement was "to be manipulated" by said attorneys in such manner that the name of appellee would be omitted from the settlement agreement so that it would ostensibly appear that the settlement was made for the net amounts due the other claimants represented by said attorneys, and the appellee would receive "whether as a direct payment out of the total settlement amount, or by way of deduc-

tion from the settlement amounts, ostensibly payable to" the other claimants, the sum of $3000; that thereafter appellee "should" demand payment of her compensation award and thereafter, in consideration of said sum of $3000, "should" dismiss with prejudice her action against the tort-feasor, without execution of a formal release, since the statutory limitation had expired; that said "agreement" between appellee's attorneys and the said tort-feasor "constitutes" a valid and binding "election" by appellee to "accept such settlement" of her action for wrongful death of her husband and constitutes a "complete bar" to her acceptance of benefits under the award; and that the "indirect method" by which the settlement amount was to be paid appellee and her release "effected" is an "attempted fraud" upon appellants' legal rights and upon the Industrial Board.

Said motions were first submitted to a single member of the Board who also heard all the evidence given by appellants and appellee. From the single member's dismissal of appellants' motion for want of jurisdiction, the matter was presented for review by the full Board. The latter, on May 14, 1954, having reviewed all the evidence in said cause, found the granting of appellee's award on April 26, 1945, the filing of appellants' motion on May 25, 1953, the filing of appellee's motion to dismiss on September 29, 1953, and that the Board "is without jurisdiction in the premises." It then ordered that appellants' motion "should be and the same is hereby denied."

Appellants bring up all the evidence and assign that said award of the full Board on May 14, 1954, is contrary to law and, in support thereof, urge that (1) the Board erred in failing to find that appellee had not received or requested payment of her award prior to her said "election" to accept "a settlement" of $3000

from the third party tort-feasor; (2) the Board erred in finding it was without jurisdiction; and (3) it erred in denying appellants' motion to set aside, cancel, and annul the original award.

The appellants have briefed the case upon the proposition that the Board declined jurisdiction "on the theory that appellants' motion was barred by the time limitation" provided by Sec. 45, ch. 172, Acts 1929, as amended by Sec. 12, ch. 162, Acts 1947, being Sec. 40-1410, Burns' 1952 Replacement, and assert that this appeal involves no question of the merits of the motion "but merely a question of jurisdiction of the Board to entertain such motion." Appellee, however, contends that the Board's declination of jurisdiction was proper; not only because appellants' motion was not filed in time but, also, because appellants' motion and the evidence adduced make no case for the relief prayed for by appellants.

Our jurisdiction of this appeal having attached for one asserted purpose, will be retained for all purposes, *Benson* v. *Christian* (1891), 129 Ind. 535, 29 N. E. 26, and cases cited, and, in the absence of any reversible error prejudicial to appellants, if the conclusion reached by the Board was correct, it will be affirmed, without regard to the grounds upon which its determination was based. *Blanchard* v. *Wilbur* (1899), 153 Ind. 387, 55 N. E. 99. See, also, cases referred to in West Indiana Digest, Vol. 4, Appeal & Error, Sec. 854(2).

We, therefore, advert to the evidence bearing upon the material allegations of appellants' said motion. That part of the evidence pertinent to the issues involved, may be summarized as follows:

Arthur W. Parry, one of the appellants' attorneys, testified, in substance, that he had no conferences with

appellee and that he had no information "about the matter at all" except what was told to him by Mr. Hoffman, Sr., and Mr. Hoffman, Jr., attorneys for appellee. He said that the Hoffmans had told him that they were negotiating with a Mr. Hunt, who represented the tort-feasor, for settlement of the damage claims of their clients, one of whom was the appellee, on a basis of $25,000, which included $8500 for benefit of appellee; that Mr. Hunt had accepted the figure of $25,000, but would pay only $19,500 and appellee should accept her compensation award of $5500; that the Hoffmans told him they had decided to settle on the basis mentioned and appellee's compensation would be claimed; and, as the settlement would be between Hoffmans' other clients and the tort-feasor, appellee's name would not appear in the settlement; that *if* the total settlement was paid to the Hoffmans for their other clients, no release from appellee would be needed because the limitations statute had expired and she could dismiss her action with prejudice. The witness further said that Mr. Hoffman "took the position" that *if* the $3000 remained in the settlement figure for his other clients, and *if* the latter chose to pay appellee $3000, it was no affair of the witness.

On cross-examination the witness said that he had no information as to whether appellee had received any money, whether any money had been paid to Hoffmans' other clients, or any releases executed; that witness did not understand that settlement with Hoffmans' other clients was conditional upon the election of appellee to claim her award; that it was the witness' "understanding" that the settlement was handled in a "round about way" to avoid saying appellee had made a settlement; that Mr. Hoffman told witness that one claimant was dissatisfied and her claim was being withdrawn.

Appellee, called by appellants, said, in substance, that she agreed to take her workmen's compensation and by so doing the other ladies (claimants against the wrongdoer) could settle their cases and they would give her $3000; that she had no assurance to that effect; that *if* the arrangement went through "it would be a complete gift on the part of those ladies;" that she has received no money from any one as damages or workmen's compensation; that she knows of no definite agreement for settlement of her claim against the tortfeasor.

Appellee's only witness, Mr. Hoffman, Jr., said, in part, that no money had been paid to him or to appellee in settlement of her damage claim nor has any money been paid to him or his other clients in settlement of their damage claims; that three of his clients (named) "stated" and "assured" him they would make a $3000 gift to appellee if she would accept her compensation award; and that appellee never stated that she elected to take damages from the wrong-doer in lieu of her compensation award.

Documentary evidence is in the record in the form of a letter from appellee's attorneys to appellants' attorney advising that appellee had elected to accept her compensation benefits; and a court docket entry in appellee's action against the wrong-doer in the DeKalb Circuit Court that appellee "shows to the court that" she "decides to accept the Workmen's Compensation Award . . . and hereby elects her remedy barring further prosecution of this action . . . "

The evidence, above outlined in material substance, tends to show pending, incomplete and indefinite overtures looking to settlement of the various claims against the third party tort-feasor. There is no evidence that

either appellee or her attorneys have received or collected any money or thing of value from the tort-feasor or any one else in settlement or in payment, in whole or in part, of appellee's damage action against the wrong-doer. Nor is there any evidence that appellee or her attorneys have collected or received any gift from any of the other claimants against the wrong-doer. On the other hand, the evidence is quite definite that appellee has elected to accept her compensation award.

Our courts have said that an application to vacate the Board's approval of a compensation agreement on the ground of fraud, duress, or mistake should be "scrutinized closely and cautiously granted." *Frankfort General Insurance Company* v. *Conduitt et al.* (1920), 74 Ind. App. 584, 594, 127 N. E. 212. And it has been determined that under the pertinent section of the Compensation Act applicable in this case, being Sec. 40-1213, Burns' 1940 Replacement, the dependent of the deceased employee may proceed against both the employer and the third person, even to the point of award and judgment, the only limitation being that the dependent may not *collect* from both. *Armstrong Cork Co.* v. *Maar* (1953), 124 Ind. App. 105, 111 N. E. 2d 82, 85, points 1-3; *Marion County Construction Co.* v. *Kimberlin* (1933), 96 Ind. App. 145, 184 N. E. 574; *Weis et al.* v. *Wakefield* (1941), 111 Ind. App. 106, 116, 38 N. E. 2d 303; *Robbins* v. *National Veneer & Lumber Co.* (1949), 120 Ind. App. 213, 216, 88 N. E. 2d 773; Small's Workmen's Compensation Law of Indiana, Sec. 11.12, p. 352. Further, that *as long as there has been no collection* from the employer or the wrong-doer, *there has been no election. Rushville School Township* v. *Mock et al.* (1927), 86 Ind. App. 307, 309, 157 N. E. 366; Small's Workmen's Comp. Law, Sec. 11.12, Note 93, p. 353.

In passing upon whether an election or collection actually has been made by the dependent so as to defeat his rights to compensation benefits, our courts ■ have indicated a liberal attitude in favor of the dependent's right to the compensation. In *Homan et al.* v. *Belleville Lumber and Supply Company et al.* (1937), 104 Ind. App. 96, 8 N. E. 2d 127, the widow, as administratrix, had proceeded to the point of actually accepting $500 in compromise of her claim against the wrong-doer and giving the latter her executed release. In a proceeding by the employer to vacate the award, she tendered evidence that she had returned the money to the tort-feasor and retrieved her release. The Board rejected the offered evidence and held that her right to compensation was barred by such settlement. On appeal the court determined that the rejected evidence should have been received, thus, in effect, holding that, in the opinion of the court, the widow, by returning the money and repossessing her release, had placed herself in position to claim the compensation award.

Applying the determinative principles announced by our courts, some of which we have mentioned above, to the evidence in this record, it becomes evident that appellants have made no case within the established legal requirements, for the granting by the Board of the relief prayed for in their motion.

That appellants may have had cause to look with critical eye at the proposed project related to them in the course of the mentioned conversations, may be freely accepted. That they even had reason for anxiety in the matter, may be conceded. That they have shown no material change in the condition of the parties and no present existing legal cause for setting aside ap-

pellee's award or depriving her of the benefits thereunder, is without controversy.

The record evidence makes it apparent that appellants' motion is premature, for it appears from the evidence that the things which appellants feared might some day happen have not, as yet, come to pass. We cannot here prognosticate that such happening may occur at some future time.

No completed gift to appellee is diclosed by the record and, therefore, we are not called upon to express any opinion with reference to whether such a completed gift, if established, would affect appellee's rights to benefits under her award. However, we note in passing, that it has been held that an employer may make a gift to the injured employee of the amount the latter might be entitled to as compensation, without affecting the employee's right to maintain an action against the wrong-doer. *Pittsburgh, Cincinnati, Chicago, and St. Louis Railroad Company* v. *Keith* (1925), 89 Ind. App. 233, 146 N. E. 872.

In our opinion, the Board, without regard to the announced reason therefor, has reached a correct result and, there appearing no error prejudicial to appellants, we think the award should be affirmed.

In view of our indicated conclusion, it is of no moment that the Board made no finding relative to whether appellee had received or made any request for her compensation award prior to May 16, 1953. It seems appropriate, also, to here say that we find no evidence to sustain appellants' charge of attempted fraud upon them and the Board, whether such count be construed as predicated upon actual or constructive fraud.

For the reasons given, the award of the full Industrial Board here appealed from is affirmed.

NOTE.—Reported in 125 N. E. 2d 33.