**Taylor GAYHEART, Appellant,**

v.

**NEWNAM FOUNDRY COMPANY, INC., Jon McCreery, American Mutual Liability Insurance Company, Appellees.**

No. 879S231.

Supreme Court of Indiana.

Aug. 27, 1979.

Edgar A. Grimm, Grimm & Grimm, Auburn, for appellant.

Carl J. Suedhoff, Jr., Hunt, Suedhoff, Borror, Eilbacher & Lee, Thomas M. Moorhead, Shoaff, Keegan, Baird & Simon, Fort Wayne, for appellee Newnam Foundry Co., Inc.

Arthur A. May, Crumpacker, May, Searer, Oberfell & Helling, South Bend, for appellee American Mut. Liability Ins. Co.

Thomas M. Moorhead, Shoaff, Keegan, Baird & Simon, Fort Wayne, Daniel F. Diggins, Emerick & Diggins, Kendallville, for appellee Jon McCreery; Frank L. Nikolay, Nikolay, Jensen & Scott, Colby, Wis., of counsel.

## ON PETITION TO TRANSFER

GIVAN, Chief Justice.

The record shows the following facts: On June 28, 1965, appellant Taylor Gayheart, an employee of Newnam Foundry Company, Inc., was injured in an industrial accident. For approximately two and one-half months thereafter, he received temporary total disability benefits under the workmen's compensation act. During this period of time, he was forced to undergo surgery to remedy the injury. He returned to work in September, 1965; however his physical condition began to deteriorate. The personnel manager of Newnam Foundry, Jon McCreery, referred appellant to Robert E. Bryan, M.D., of Kendallville, who in turn directed appellant to a specialist in Fort Wayne, Robert P. Lloyd, M.D. Dr. Lloyd performed surgery on appellant to correct the continuing problems he was experiencing. Following his recovery from this surgery, appellant returned to work and spoke with McCreery about receiving impairment compensation. McCreery informed appellant that he could receive no benefits until he was released by his physician. Dr. Lloyd released appellant from his care in December, 1968. Dr. Bryan then evaluated appellant on behalf of Newnam Foundry and determined that as a result of the initial injury, appellant had sustained a 25% permanent partial impairment. A copy of this report was mailed to American Mutual Liability Insurance Company, the workmen's compensation carrier for Newnam. In February, 1969, the insurance company disallowed the claim on the basis that the statute of limitations for filing the claim had expired.

On April 24, 1970, appellant filed an application for modification with the Industrial Board requesting review because of a change of conditions. Following the filing of a special answer to the petition by American Mutual on the basis of the statute of limitations, appellant replied that the statute had been tolled because of fraud on the part of Newnam's personnel manager. The Industrial Board held that it was without jurisdiction to award compensation and therefore dismissed the claim.

Rather than appealing the Board's ruling to the Court of Appeals, appellant instituted a civil action for fraud in the trial court. Appellees moved for summary judgment on two grounds: (1) that appellant had failed to exhaust administrative remedies; and (2) that the issue of fraud had been decided against appellant in the Industrial Board proceeding and therefore was *res judicata* in the trial court. Following the court's granting of summary judgment for appellees on these grounds, an appeal was prosecuted. The Court of Appeals held the Industrial Board was without jurisdiction to consider the issue of fraud as grounds for tolling the statute of limitations. Thus, the court stated, the doctrine of *res judicata* could not operate to bar the trial court from considering the issue of fraud. Finally, notwithstanding its prior holding that the Board in the case at bar had no jurisdiction to determine fraud as tolling the statute of limitations, the Court of Appeals purported to set forth a rule for future application: "Accordingly, we further hold that upon this opinion becoming final the Industrial Board shall have jurisdiction to determine whether an employer is estopped from setting up, as a bar to a claim, the appropriate statute of limitations under the Workmen's Compensation Act because the employer, its agents or the employer's physician fraudulently induced the claimant to forbear filing a timely claim." *Gayheart v. Newnam Foundry Co., Inc.* (1978) Ind.App., 373 N.E.2d 178, 180. We disagree with the opinion of the Court of Appeals and hereby grant transfer.

The statute of limitations applicable in the case at bar is IC § 22–3–3–27 [Burns 1974]:

"The power and jurisdiction of the industrial board over each case shall be continuing and from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award    .   .  ..

\*        \*        \*        \*        \*        \*

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two [2] years from the last day for which compensation was paid under the original award . . . ."

The Court of Appeals relied on *Keser v. U. S. S. Lead Refining, Inc.* (1928) 88 Ind.App. 246, 163 N.E. 621, to support its position that the Board was without jurisdiction to consider appellant's claim since the Board had no authority to consider the effect of fraud. It is true that the court in the *Keser* case held that the Industrial Board, once the two-year statute of limitations for filing claims had expired, was without jurisdiction to consider the possibility of a tolling of the statute of limitations. The Court of Appeals has, however, in other circumstances permitted the Board to consider such fraud. "[T]he Industrial Board has the power in case of fraud, duress, or mistake to vacate its approval of [the] compensation agreement and to entertain an application for that purpose, when made by the employé, employer, or insurance carrier." *Frankfort Ins. Co. v. Conduitt* (1920) 74 Ind.App. 584, 594, 127 N.E. 212, 216. See also *Ritman v. Wass* (1955) 125 Ind.App. 348, 125 N.E.2d 33; *E. J. Albrecht Co. v. Michaw* (1940) 108 Ind.App. 407, 29 N.E.2d 334; *Aetna Life Insurance Company v. Shively* (1918) 75 Ind.App. 620, 121 N.E. 50.

■ In the case of *Weil Packing Co. v. Cluck* (1952) 123 Ind.App. 17, 106 N.E.2d 484, the injured worker filed a petition with the Industrial Board to set aside an award on the ground that it was procured by fraud. The Court of Appeals, quoting from *Dearing v. Speedway Realty Co.* (1942) 111 Ind.App. 585, 40 N.E.2d 414, properly held that "[w]here fraud is in issue the whole transaction from beginning to end may be scrutinized and circumstances shown as throwing light upon the intention of the party charged." 123 Ind.App. at 23, 106 N.E.2d at 486. On the basis of these authorities, we hold that where a party alleges that he has been fraudulently induced into foregoing the filing of an application for modification under IC § 22–3–3–27, the Industrial Board has the authority to determine whether there has in fact been fraud. If such is found, the two-year statute of limitations for applying for a modification shall be deemed tolled at the moment the fraud was perpetrated. To the extent that *Keser v. U. S. S. Lead Refining, Inc., supra,* is inconsistent with our holding, it is hereby overruled.

■ The dissenting opinion in the Court of Appeals makes the point that to permit the Industrial Board to make determinations as to fraud is to contravene the certification statutes provided by the General Assembly and to expand the Board's jurisdiction beyond its statutory authority. The Workmen's Compensation Act permits the Board to certify questions of law to the Court of Appeals for immediate resolution. IC § 22–3–1–3; IC § 22–3–4–8; IC § 22–3–7–27. A finding of fraud as to toll the statute of limitations is not a pure question of law. It requires a factfinding process before the question of whether the statute has been tolled can be determined. The Court of Appeals, which only in rare instances can serve as a *nisi prius* court, is ill-equipped to handle such a fact-finding process. Conversely, finding facts and applying the law to such facts is the gravamen of the work of the Industrial Board. Thus, we find no basis for requiring the Board to certify such question to the Court of Appeals without a prior fact-finding procedure.

■ Our holding is not an expansion of the Board's jurisdiction beyond its statutory authority. The Industrial Board can make an award only in accordance with the Workmen's Compensation Act. It cannot award damages for any fraud it might find to toll the statute of limitations. Such damages can only be awarded in a court of law. This holding merely permits the Industrial Board to carry out its statutory obligation to make compensation awards in appropriate cases.

■ Turning to the issue of whether the trial court erred in granting summary judgment for the appellees, we are of the opin-

ion that the failure of the appellant to pursue his remedy of appeal from the Industrial Board's decision was not fatal to his claim. As we have just held, the Board had jurisdiction to determine the issue of the impact of fraud as tolling the statute of limitations. Hence, at the time the Board made its decision, the appellant was in a position of having to elect one of two potential remedies: (1) to appeal the Board's decision or (2) to accept the Board's decision and bring a tort action in a court of law, alleging that he had been fraudulently induced to go beyond the statute of limitations. The fact that he did not choose to appeal the Board's decision does not preclude him from his action at law. We therefore hold the trial court erred in granting summary judgment for the appellees on the ground that appellant had failed to exhaust his administrative remedies.

■ The second ground for the trial court's granting of summary judgment for the appellees was that the presentation of the fraud issue to the Industrial Board barred a subsequent litigation of that issue in the trial court under principles of *res judicata.* The doctrine of *res judicata* prevents re-litigation of an issue where there has been a final adjudication on the merits of the same issue between the same parties. *Gasaway v. State* (1967) 249 Ind. 241, 231 N.E.2d 513; *Johnson v. Knudson-Mercer Co.* (1906) 167 Ind. 429, 79 N.E. 367. In the case at bar, the Court of Appeals states that had the Industrial Board possessed jurisdiction to consider fraud, appellant would have been barred on grounds of *res judicata* from asserting the fraud issue in the trial court. 373 N.E.2d at 179. However, our examination of the record reveals that it is unnecessary to decide this particular point of law. Here, the Board refused to consider the issue of fraud on its merits, but simply held that it had no jurisdiction to consider the claim. Hence, since there was no final adjudication on the merits of the fraud allegation, *res judicata* cannot be invoked. Accordingly, we need not determine in this case whether the Industrial Board's consideration of facts bearing upon the issue of fraud will operate as *res judicata* in a sub-

sequent civil action for the tort of fraud. The trial court erred in rendering summary judgment for the appellees on the basis of *res judicata.*

Transfer is granted, the opinion of the Court of Appeals is vacated and the cause is reversed and remanded to the trial court with instructions to overrule the appellees' motions for summary judgment.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.