**Richard WOLFE, Plaintiff-Appellant,**

v.

**COMMERCIAL UNION INSURANCE, Defendant-Appellee.**

**No. 85–2551.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1986.

Decided June 4, 1986.

David L. Hollenbeck, Blachly, Tabor, Bozik & Hartman, Valparaiso, Ind., for plaintiff-appellant.

Kenneth E. Nowak, Whitted & Buoscio, Merrillville, Ind., for defendant-appellee.

Before WOOD, EASTERBROOK, Circuit Judges, and BARKER, District Judge.*

* The Honorable Sarah Evans Barker, District Judge of the United States District Court for the Southern District of Indiana, sitting by designation.

1. I.C. 22-3-2-1 *et seq.* (1971 and Supp.1985).

2. I.C. 22-3-3-3 (1971) provides in part: "LIMITATION FOR FILING CLAIM.—The right to compensation

BARKER, District Judge.

This is an appeal from the District Court's dismissal of plaintiff-appellant Richard Wolfe's ("Wolfe") complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim under the Indiana Workmen's Compensation Act.[1] We affirm.

I.

On February 27, 1984, Wolfe filed his diversity action in the District Court alleging that on November 28, 1980, he was injured in his employment as a police officer for the City of Michigan City, Indiana. The defendant-appellee, Commercial Union Insurance Co. ("Commercial Union"), provided workmen's compensation insurance to the City of Michigan City and was allegedly responsible for providing reasonable medical coverage for Wolfe's injuries. In the complaint, Wolfe alleged that from November 28, 1980, until February 16, 1983, Commercial Union advised him that it would provide the necessary medical coverage for his injuries, and that he need not file a claim for workmen's compensation benefits with the Industrial Board. Wolfe alleged that for a period of two years after his injury Commercial Union provided coverage for his medical needs, but thereafter Commercial Union took the position that the two-year statute of limitations[2] had run for the filing of a workmen's compensation claim and additional benefits were not provided. Wolfe alleged that "as a result of [his] reliance, [he] ha[d] been irreparably harmed because of [Commercial Union's] position that it [was] not now legally liable or responsible for any additional medical care or attention or other benefits under the provisions of the Indiana Workmen's Compensation Act" (Complaint ¶ 11). Wolfe sought compensatory and pu-

under this act shall be forever barred unless within two years after the occurrence of the accident, or if death results therefrom, within two years after such death, a claim for compensation thereunder shall be filed with the industrial board ..."

nitive damages from Commercial Union resulting from its "misrepresentations."

On August 7, 1985, the District Court granted Commercial Union's motion to dismiss the complaint, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for plaintiff's failure to state a claim upon which relief could be granted. The Court held that the Workmen's Compensation Act provided the exclusive remedy for someone such as Wolfe who was injured during the course of his employment, and that the Industrial Board retained exclusive jurisdiction over his claims.

## II.

On appeal, Wolfe contends that the District Court improperly dismissed the complaint because the Workmen's Compensation Act does not provide the exclusive remedy for injuries suffered as the result of bad faith or fraud which has occurred in adjusting and settling a claim before the Industrial Board. Wolfe argues that the Act provides a remedy for personal injury or death by accident on the job, but not for actions against an employer based on its alleged fraudulent misrepresentations.

In support of his position, Wolfe relies primarily on *Baker v. American States Ins. Co.*, 428 N.E.2d 1342 (Ind.App.1981), where the Indiana Court of Appeals held that the plaintiff had stated a claim for actual fraud against the workmen's compensation insurance carrier by alleging that the insurance company concealed his true impairment rating from him so as to defraud him of the full amount of the benefits and to delay their payment to him. In the trial court, Baker had alleged he was defrauded and that the insurance carrier induced him to settle his workmen's compensation claim at a lower payment. The Court of Appeals reversed the trial court's dismissal of the complaint for failure to state a claim, holding that I.C. 22–3–2–6 [3] speaks to personal injury or death by acci-

dent on the job, and that it does not purport to prohibit actions in a court of law by an employee against his employer's insurance carrier for making fraudulent misrepresentations while the employee and the insurer were attempting to settle the claim. 428 N.E.2d at 1347. The Court concluded that with respect to the latter conduct, the plaintiff could maintain a suit for damages. *Id.* at 1347. Wolfe claims that *Baker* permits him to maintain an action in the District Court for fraud against Commercial Union.

Commercial Union, on the other hand, contends that Wolfe's remedy is with the Industrial Board, and that the Board has exclusive jurisdiction to determine whether there was fraud, the effect of which would toll the two-year statute of limitations. Commercial Union contends that the Workmen's Compensation Act provides that the rights and remedies granted to an employee on account of personal injury shall exclude all other rights and remedies of the employee. It also argues that the *Baker* decision is distinguishable from the facts in this case and is, therefore, not controlling here.

## III.

By his complaint, Wolfe is attempting to hold Commercial Union liable for fraudulently inducing him to believe that it would provide medical coverage so that he would not need to file a workmen's compensation claim with the Industrial Board. Wolfe alleges that this fraud continued for more than two years, and that he is now precluded from presenting his workmen's compensation claim to the Board because the statute of limitations has expired. Thus, the issue presented by this appeal is whether the District Court correctly determined that Wolfe cannot maintain in the District Court his action for damages against his employer's workmen's compensation insur-

---

**3.** I.C. 22–3–2–6 (Supp.1985) provides: "RIGHTS AND REMEDIES OF EMPLOYEE EXCLUSIVE.—The rights and remedies granted to an employee subject to I.C. 22–3–2 through I.C. 22–3–6 on account of personal injury or death by accident shall ex-

clude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under I.C. 16–7–3.6."

ance carrier for the carrier's fraudulent inducement of him to forego the filing of a workmen's compensation claim with the Industrial Board.

The issue in this case is very similar to that presented in *Gayheart v. Newnam Foundry Co., Inc.*, 271 Ind. 422, 393 N.E.2d 163 (1979), which holding this Court determines controls the outcome of this case, as well. In *Gayheart,* the plaintiff was injured on the job, and he applied for and received temporary total disability benefits for the time he was off work. Thereafter, plaintiff's condition deteriorated and surgeries were needed to correct his medical problems. Plaintiff sought additional benefits, but he was told by his employer's personnel manager that he could not receive benefits until he was released from his physician's care, which, as it happened, was not until over three years after his injury, and more than two years after the initial award of disability benefits.

After Gayheart was released from his physician's care, and upon learning that he had a 25% permanent partial impairment, plaintiff sought, unsuccessfully, the additional benefits from his employer's insurance carrier. After receiving the insurance carrier's denial of his claim, the plaintiff filed with the Industrial Board an application for modification of his temporary disability status. The insurance carrier sought a dismissal of this claim, contending that the statute of limitations for a modification had run. The Industrial Board dismissed the claim, holding that it was without jurisdiction to award benefits. *Id.*

Rather than appealing the Board's decision, the plaintiff in *Gayheart* initiated a civil proceeding for fraud against his employer and its insurance carrier. That case was later decided on summary judgment in the employer's favor, the court holding that the plaintiff had failed to exhaust his administrative remedies and that the Industrial Board's decision was *res judicata* as to

the fraud claim. On appeal of that decision, the Indiana Court of Appeals held that although the Industrial Board had no jurisdiction to consider the fraud issue as a ground for tolling the statute of limitations, it did have jurisdiction to decide whether the employer was estopped from asserting the statute of limitations defense because of any fraud on its part in inducing the claimant to forego making a timely application for benefits. *Id. (quoting Gayheart v. Newnam Foundry Co., Inc.,* 373 N.E.2d 178, 180 (Ind.App.1978)).

On transfer, the Indiana Supreme Court in *Gayheart* disagreed with the Court of Appeals' decision that the Board lacked jurisdiction to resolve allegations of fraud, finding that:

> [W]here a party alleges that he has been fraudulently induced into foregoing the filing of an application for modification under I.C. § 22–3–3–27, the Industrial Board has the authority to determine whether there has in fact been fraud. If such is found, the two-year statute of limitations for applying for a modification shall be deemed tolled at the moment the fraud was perpetrated.

*Id.* 393 N.E.2d at 166. The Court noted that its ruling did not expand the Board's authority, which was to make an award only within the provisions of the Act, and that the Board could not award damages for the fraud. Those damages, the Court stated, could only be awarded by a court of law. *Id.*

■ Although *Gayheart* dealt with the issue of a modification of a compensation award, its holding is clearly dispositive of the issues now before this Court.[4] In the present case, Wolfe alleges that in reliance on the representations of Commercial Union that it would provide for his medical needs, he did not file a claim for benefits with the Board and that now the time for filing those claims has run. Wolfe

---

4. The *Baker* decision, which is relied on by Wolfe, is not inconsistent with the Supreme Court's holding in *Gayheart. Baker* supports this Court's ruling that a plaintiff can maintain a separate action for damages in a court of law only where he is not seeking benefits for personal injury or death on the job. 428 N.E.2d 1347.

alleges that he has been "irreparably harmed" because Commercial Union now claims that it is not responsible for his medical care or "other benefits under the provisions of the Workmen's Compensation Act." (Complaint ¶ 11). Wolfe has characterized his damages as the benefits he would have received under the Act had he not been induced into foregoing the filing of a claim with the Industrial Board. *Gayheart* holds that the Industrial Board has the exclusive jurisdiction to award the type of relief Wolfe is seeking. Only the Board may award workmen's compensation benefits, and it has the authority to consider Wolfe's claims of fraudulent misrepresentations in determining whether the two-year statute of limitations for filing a claim was tolled. Because Wolfe's cause of action arises out of Commercial Union's alleged inducement to forego the filing of the Workmen's Compensation claim until the limitations period had run, and his damages are measurable by the amount of benefits he would have received under the Workmen's Compensation Act but for this fraud, his remedy is with the Industrial Board rather than the District Court.

This holding should not be read to preclude a properly drawn fraud action from being brought in the District Court. *See Baker,* 428 N.E.2d at 1346–47; *Gayheart,* 393 N.E.2d at 166. However, no fraud action has been properly asserted here because Wolfe sought as his remedy the compensation for his personal injuries, which he would otherwise allegedly have received. Accordingly, his remedy is before the Industrial Board, rather than the District Court.

For all of these reasons, the decision of the District Court dismissing the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., is AFFIRMED.