CITY OF EVANSVILLE, Indiana, Appellant (Defendant Below),

v.

Owen MOORE, Personal Representative of the Estate of Virginia Mae Moore, Appellee (Plaintiff Below).

No. 82S009011CV753.

Supreme Court of Indiana.

Nov. 29, 1990.

Allan G. Loosemore, Jr., Asst. City Atty., Evansville, for appellant.

William C. Welborn, Welborn Law Offices, Evansville, for appellee.

DICKSON, Justice.

In this action for wrongful death, the trial court denied a motion for summary judgment sought on behalf of the defendant City of Evansville. The defendant's request to bring this interlocutory appeal was thereafter granted pursuant to Ind.Appellate Rule 4(B)(6) by the trial court and the Court of Appeals. In an unpublished memorandum decision, the Court of Appeals found that the defendant was entitled to summary judgment. 539 N.E.2d 995.

Upon the petition of plaintiff-appellee, we grant transfer.

In reviewing the denial of a motion for summary judgment, an appellate court applies the same standard as the trial court. *Ayres v. Indian Heights Vol. Fire Department* (1986), Ind., 493 N.E.2d 1229. A summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the non-movant. *Bridgewater v. Economy Engineering Co.* (1985), Ind., 486 N.E.2d 484.

For the purpose of our review of the trial court's denial of summary judgment, the following facts are therefore assumed. On July 28, 1982, Owen Moore (Moore), as personal representative of the Estate of Virginia Mae Moore, filed suit seeking damages resulting from her death following injuries sustained in a motor vehicle collision on September 14, 1981. On June 23, 1987, approximately one month before the scheduled trial date, the plaintiff and the defendant filed a joint motion asserting that discovery had not been completed and requesting a six-month postponement of the trial date. The joint motion was denied, after which the City of Evansville filed an additional motion for continuance because of the unavailability of an expert witness without whom counsel for the City believed the case was not defensible. This second motion for continuance was also denied and the trial court advised the parties that there would be no continuances. Counsel for the City then informed the plaintiff's attorney that if he dismissed and refiled the action, "the City would not raise the Statute of Limitations." The cause was thereupon dismissed, and the plaintiff reinstituted it as the present action which was filed August 18, 1988. In response, the City filed a motion to dismiss, asserting the affirmative defense of failure to file the complaint within two years of the date of the decedent's death as required by Ind. Code § 34-1-1-2. The trial court treated

the motion as one for summary judgment, which it denied.

The City contends that Ind.Code § 34–1–1–2, declaring that statutory wrongful death actions shall be commenced within two years, is a nonclaim statute rather than a statute of limitation and that the time limit imposed thereby cannot be extended by the doctrines of waiver or estoppel, disability, fraud, or misconduct of the parties. *South Bend Clinic v. Estate of Ruffing* (1986), Ind.App., 501 N.E.2d 1114; *State ex rel. Bodine v. Elkhart County Election Board* (1984), Ind.App., 466 N.E.2d 773; *Donnella v. Crady* (1962), 135 Ind.App. 60, 185 N.E.2d 623.

Plaintiff-appellee Moore responds with two alternative arguments. He contends that the rule against extending limitations in a nonclaim statute should not apply here. But even if it applied, Moore alternatively asserts that his refiling is protected by the Indiana Journey's Account Statute, Ind. Code § 34–1–2–8.

As to his first argument, Moore asserts that the nonclaim rule is not without exception, citing *Gayheart v. Newnam Foundry Co., Inc.* (1979), 271 Ind. 422, 393 N.E.2d 163, a case involving statutory workers' compensation, the right to which requires timely filing within a prescribed time limit. These limitations have been held to be nonclaim statutes not subject to extension by fraud or misconduct of the parties. *Burton v. General Motors Corp.* (1977), 172 Ind.App. 263, 360 N.E.2d 36; *Keser v. U.S.S. Lead Refinery, Inc.* (1928), 88 Ind. App. 246, 163 N.E. 621. The *Keser* decision was expressly overruled in *Gayheart* wherein this Court held that if a party is fraudulently induced into foregoing the timely filing of an application for modification of a worker's compensation award, the applicable limitation period "shall be deemed tolled at the moment the fraud was perpetrated." 393 N.E.2d at 166. Moore also urges that because the present case involves a dismissal and refiling following a timely filing, the nonclaims rationale should not apply.

■ However, we need not address Moore's nonclaim statute argument be-cause we find determinative his contention regarding the applicability of the Journey's Account Statute. It provides:

> If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrest-ed or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for the pur-poses herein contemplated.

Ind.Code § 34–1–2–8. The defendant-ap-pellant City contends the statute does not apply to a case refiled after a voluntary dismissal, citing *Kohlman v. Finkelstein* (1987), Ind.App., 509 N.E.2d 228; *Ferdi-nand Furniture Co., Inc. v. Anderson* (1980), Ind.App., 399 N.E.2d 799; and *Pennsylvania Co. v. Good* (1913), 56 Ind. App. 562, 103 N.E. 672. *Finkelstein* and *Anderson* each cite with approval the fol-lowing language from *Good:*

> A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plain-tiff cannot be said to "fail" within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith and fails upon some question which does not involve the merits of his case, and, if such failure is not due to negligence in its prosecution, the statute may be held to apply. [citation omitted].

56 Ind.App. at 567, 103 N.E. at 673–74. The purpose of the Journey's Account Stat-ute is to ensure "that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits." *Vesolowski v. Repay* (1988), Ind., 520 N.E.2d 433, 434. The statute's "broad and liberal purpose is not to be frittered away by narrow construction." *Id.*

In the present case, we do not find a unilateral voluntary dismissal such as oc-curred in the *Finkelstein, Anderson,* and *Good* cases. The facts favorable to the plaintiff, as the opponent of summary judg-ment, are that plaintiff timely filed the original action, completed pre-trial prepara-

tions, arranged for attendance at trial of his expert witness, and was ready to proceed. At this point opposing counsel, unable to secure the attendance of a crucial witness and frustrated by the trial court's refusal to grant a continuance, requested that the plaintiff dismiss the case and assured plaintiff's counsel that the City would waive any affirmative defense under the statute of limitations. We refuse to fault plaintiff's counsel for extending professional courtesy in compliance with his opponent's request. Under such facts, we find that the plaintiff's conduct satisfied the necessary "unavailing effort to succeed," and "effort in good faith," as discussed in *Good.* We do not view the failure of the plaintiff's initial cause of action as "negligence in the prosecution" as that phrase is used in the Journey's Account Statute. The trial court was correct in denying summary judgment because of the genuine issue of fact which would warrant application of the Journey's Account Statute.

Transfer is granted. The trial court is affirmed. This cause is remanded to the trial court for further proceedings consistent herewith.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.