## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2018, 5:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Newson, *Appellant-Petitioner*, | August 31, 2018 |
| v. | Court of Appeals Case No. 49A05-1708-PC-1785 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Respondent*. | The Honorable Marc Rothenberg, Judge |
| | The Honorable Amy J. Barbar, Magistrate |
| | Trial Court Cause No. 49G02-9604-PC-48010 |

**Brown, Judge.**

[1] David Newson appeals the denial of his petition for post-conviction relief. We affirm.

### Facts and Procedural History

[2] The relevant facts as discussed in Newson's direct appeal follow:

> [O]n April 6, 1996, Leroy Cooks and Darryl Ford were standing outside some apartments. Defendant David Newson and another man drove up and exited their car. [Newson] had a tattoo and was wearing a blue bandanna.
>
> [Newson] and the other man walked past Cooks and Ford, climbing a short stairway to Rosezina Chandler's apartment and knocked on her door. Chandler opened the door and told [Newson] that she did not want any company. He responded, "Cool," and turned to walk away. Chandler noticed a black handgun on the side of [Newson's] hip.
>
> As [Newson] and the other man descended the small stairway, Cooks observed [Newson] confront Ford. [Newson] demanded ten dollars that Ford owed him. Ford responded, "No, I owe you five dollars." [Newson] then struck Ford with his fist and a melee ensued. A short distance away in her apartment, Chandler heard Ford exclaim, "Why are you doing this?"
>
> About this time, Cooks observed [Newson] pull out a gun, point it at Ford's stomach or chest area and begin shooting. As Chandler was "opening up [her] door to tell them to cool the noise down," she heard a gunshot. Through the open doorway, Chandler could observe "[Newson] and Ford wrestling around,"

but as Cooks fled upstairs to Chandler's apartment, he blocked her view of the shooter.

Despite not wanting company moments earlier, Chandler let Cooks in, and he proceeded to the kitchen window and observed [Newson] still shooting Ford. Both Cooks and Chandler saw [Newson] and the other man leave the scene in a small silver or gray automobile as Ford lay face down in front of the apartment.

Chandler phoned 911 and hung up. The dispatcher called her back. Chandler told the dispatcher there had been a shooting. Cooks eventually went downstairs and flagged down the police officer. A blue bandanna similar to [Newson's] was found at the scene with a cartridge casing underneath it.

*Newson v. State*, 721 N.E.2d 237, 238-239 (Ind. 1999) (footnote omitted).

[3]     The State charged Newson with murder and carrying a handgun without a license as a class C felony. *Id.* at 239. On December 3, 1997, a jury found Newson guilty as to both counts. *Id.* The trial court imposed a sentence of sixty-five years for murder and eight years for carrying a handgun without a license. *Id.*

[4]     On appeal, Newson argued that the trial court committed reversible error by excluding a portion of a defense witness's testimony and that there was insufficient evidence because the testimony of Cooks and Chandler identifying him as the shooter and placing him at the scene prior to the shooting was "incredibly dubious." *Id.* at 239-240. The Indiana Supreme Court affirmed. *Id.* at 241.

[5] On November 17, 2000, Newson filed a petition for post-conviction relief. On February 28, 2002, Newson filed an amended petition. In May 2003, the court dismissed Newson's petition without prejudice. In August 2003, Newson filed a petition for post-conviction relief. That same month, the court denied Newson's request for a public defender. In February 2004, Newson filed an amended petition. After a hearing, the court denied Newson's petition on July 28, 2004. Newson appealed and presented numerous grounds for arguing ineffective assistance including that his trial counsel was ineffective for failing to object to certain hearsay testimony of Sergeant William Benjamin, failing to attempt to suppress the evidence of an out-of-court identification of him as the shooter on the basis that the process and the photo array were unduly suggestive, not tendering an instruction on the included offense of reckless homicide, and failing to object to some of the aggravating factors relied upon by the trial court at sentencing. *See Newson v. State*, No. 49A02-0410-PC-855 ("Cause No. 855") (Ind. Ct. App. November 28, 2005), *trans. denied*. This Court affirmed. *Id.*

[6] In February 2015, Newson filed a petition for successive post-conviction relief.[1] On February 27, 2015, another panel of this Court authorized Newson to file a successive petition.[2] On March 2, 2015, Newson filed a petition for post-conviction relief alleging that his trial counsel failed to object to hearsay

---

[1] The record does not contain a copy of Newson's February 2015 petition.

[2] Judge Baker dissented.

testimony from Sergeant Benjamin, failed to file a motion to suppress unduly suggestive pre-trial identification procedure, and failed to move to exclude tainted in-court identifications.

[7] On September 24, 2015, Newson filed an amendment to his petition alleging that his trial counsel failed to tender jury instructions regarding the lesser included offenses of voluntary manslaughter, involuntary manslaughter, and reckless homicide, and failed to present evidence of mitigating circumstances at sentencing.

[8] On February 15, 2017, the court held a hearing. The prosecutor argued that the court did not have jurisdiction to hear amendments to a successive post-conviction petition because "[t]he Court of Appeals grants successive PCR based upon the issues that are presented to it and that. . . any amendments to a successive PCR have to be approved by the Court of Appeals and not the trial court." Transcript Volume II at 14. Newson's counsel argued that she did not know of any caselaw that prohibited a successive petition from being amended once the Court of Appeals granted authority to file a successive petition. The court sustained the State's objection to the amendment.

[9] On March 22, 2017, the court reconvened for the evidentiary hearing. Newson's trial counsel testified that she did not have independent recollection of what the testimony was or why she did not object, that she did not recall the photo array, that she made a note that Newson did not want any lesser included instructions, and that she did not recall if she and Newson had a conversation

about friends or family members testifying at sentencing. On cross-examination, she testified that Newson was drunk on toilet wine the first day he came to court and was belligerent with her and the court.

[10] On July 14, 2017, the court entered an order denying the petition for post-conviction relief and noted that the issues Newson raised in his successive petition are identical to or at least mirrored the issues that he raised in his first petition.

## *Discussion*

[11] Before addressing Newson's allegations of error, we note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

[12] Newson argues that his trial counsel was ineffective for failing to: object to a police officer's testimony about out-of-court testimonial statements made by unidentified witnesses who did not testify in court and were not subject to cross-examination; file a motion to suppress the unduly suggestive pre-trial identifications; move to exclude the tainted in-court identifications; and tender jury instructions regarding the lesser included offenses of voluntary manslaughter, involuntary manslaughter, and reckless homicide. He also argues that the post-conviction court did not consider issues raised in his amendment filed on September 24, 2015, which included that he was denied effective assistance of trial counsel when his counsel failed to tender jury instructions regarding the lesser included offenses of voluntary manslaughter, involuntary manslaughter, and reckless homicide, and failed to investigate and present evidence of mitigating circumstances.

[13] The State argues that the post-conviction court rightly declined to consider Newson's new amended claims because this Court did not approve them for further litigation. It also argues that, even if Newson could present new claims, his arguments are unavailing.

[14] Even assuming that the post-conviction court should have considered Newson's amended claims, reversal is not warranted. *See Minor v. State*, 641 N.E.2d 85, 88 (Ind. Ct. App. 1994) (holding that "remand is not necessary where the facts underlying the claims are not in dispute and the issues are clear" and reviewing the petitioner's allegations in his brief), *trans. denied*.

[15] "Res judicata is a legal doctrine intended 'to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies.'" *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (quoting *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013)). "It applies 'where there has been a final adjudication on the merits of the same issue between the same parties.'" *Id.* (quoting *Gayheart v. Newnam Foundry Co., Inc.*, 271 Ind. 422, 426, 393 N.E.2d 163, 167 (1979)). The Indiana Supreme Court has held:

> Stated in more detail:
>
>> 1. the former judgment must have been rendered by a court of competent jurisdiction;
>>
>> 2. the former judgment must have been rendered on the merits;
>>
>> 3. the matter now in issue was or might have been determined in the former suit; and
>>
>> 4. the controversy adjudicated in the former suit must have been between the parties to the present action or their privies.

*Id.* (quoting *Chemco Transp., Inc. v. Conn*, 527 N.E.2d 179, 181 (Ind. 1988)). If any element is absent, *res judicata* does not apply. *Id.*

[16] In this Court's 2005 decision addressing Newson's appeal from the denial of his initial petition for post-conviction relief, we noted difficulty in discerning the issues but also observed that he had "provided enough information and citation to law that we are able to discern the import of most of the 'major claims.'"

*Newson*, No. 49A02-0410-PC-855, slip op. at 3. We addressed Newson's claim that his trial counsel was ineffective for failing to object to certain hearsay testimony of Sergeant Benjamin, ask certain follow-up questions of him, and thoroughly conduct an investigation with respect to Sergeant Benjamin's testimony. *Id.* at 7. We addressed Newson's contention that he received ineffective assistance of trial counsel because his counsel did not attempt to suppress the evidence of an out-of-court identification of Newson as the shooter and that the process and the photo array were unduly suggestive. *Id.* at 9. We also addressed Newson's assertion that his counsel was ineffective in not tendering an instruction on the included offense of reckless homicide. *Id.* at 14-16.

[17] Based upon the arguments in Newson's initial post-conviction appeal and in his successive petition for post-conviction relief, we conclude that the controversy now in issue was or might have been determined by this Court in his previous appeal and that the doctrine of *res judicata* precludes Newson's claims.[3] *See Arthur v. State*, 663 N.E.2d 529, 532 (Ind. 1996) (affirming the denial of the defendant's successive petition for post-conviction relief and observing that the

---

[3] Newson asserts that the issue of his trial counsel's failure to object to Sergeant Benjamin's testimony regarding the statements made by individuals he refers to as Informants One and Two was not fully developed in his *pro se* brief in Cause No. 855 following the denial of his initial petition for post-conviction relief and cites to pages 624-626, and 637 of Petitioner's Exhibit 1D. His initial brief in Cause No. 855 mentioned that Sergeant Benjamin "testified to hearsay" and his reply brief cited pages 624-637, which contain the same pages he cites in his present appeal. Appellant's Appendix Volume V at 8.

sole issue raised in the successive petition had been adequately raised and fully litigated in the first petition for post-conviction relief).

[18] To the extent Newson argues that the post-conviction court's application of *res judicata* worked a manifest injustice, he cites *State v. Huffman*, 643 N.E.2d 899 (Ind. 1994), *reh'g denied*, in which the Court held that "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work manifest injustice.'" *Huffman*, 643 N.E.2d at 901 (quoting *State v. Lewis*, 543 N.E.2d 1116 (Ind. 1989) (quoting *Christianson v. Colt Indus. Operating Corp.* 486 U.S. 800, 817, 108 S. Ct. 2166, 2178 (1988))). Newson has not demonstrated either an extraordinary circumstance or manifest injustice.

[19] With respect to Newson's assertion that his claim regarding ineffective assistance at sentencing has not been addressed by any court, we observe that Newson had the opportunity to raise this issue and indeed did argue in his initial post-conviction proceeding that his trial counsel was ineffective for failing to object to some of the aggravating factors relied upon by the trial court at

sentencing. Further, We note that Newson's criminal history is extensive[4] and cannot say that reversal is warranted.

## *Conclusion*

[20] For the foregoing reasons, we affirm the post-conviction court's denial of Newson's petition for post-conviction relief.

[21] Affirmed.

Bailey, J., and Crone, J., concur.

---

[4] His juvenile record included findings of theft as a class D felony, resisting law enforcement as a class A misdemeanor, battery as a class B misdemeanor, disorderly conduct as a class B misdemeanor, and operating a motor vehicle while under the influence of alcohol as a class A misdemeanor. As an adult, Newson was convicted of disorderly conduct and public intoxication as class B misdemeanors, refusal to identify as a class C misdemeanor, carrying a handgun without a license as a class D felony, and resisting law enforcement as a class A misdemeanor. The presentence investigation report indicates that Newson had accumulated ten referrals and five adjudications as a juvenile and that he had been placed on probation as an adult which resulted in a revocation.