Patricia D. SWANSON,
Plaintiff–Appellee,

v.

ELMHURST CHRYSLER PLYMOUTH,
INC., Defendant–Appellant.

No. 88–2290.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 17, 1989.
Decided Aug. 16, 1989.

Elizabeth Hubbard, Mark Rivera, Chicago, Ill., for plaintiff-appellee.

Stuart D. Gordon, George H. Klumpner, Steven Bloomberg, Moss & Bloomberg, Bolingbrook, Ill., for defendant-appellant.

Before EASTERBROOK, RIPPLE, and MANION, Circuit Judges.

MANION, Circuit Judge.

Plaintiff sued under Title VII of 42 U.S.C. § 2000e *et seq.* claiming discharge and loss of wages and benefits for refusal to submit to sexual harassment. The district court found that there had been harassment, but that the harassment had not caused plaintiff's discharge. The district court awarded the plaintiff a judgment with nominal damages of $1 plus attorney's fees.

The two questions on appeal are: (1) did the district court clearly err in finding that the sexual harassment here did not cause plaintiff's discharge?; and (2) if the discharge finding was not clearly erroneous, can plaintiff obtain nominal damages and attorney's fees even if she is precluded from Title VII equitable relief? This court answers both in the negative, and reverses the award of nominal damages and attorney fees.

I.

Patricia D. Swanson began working for Elmhurst Chrysler Plymouth, Inc. (Elmhurst) in November, 1983 as an assistant finance manager. Although she had been out of the workforce for a period of time, her husband had been in the auto sales business for many years. When he embarked on a new business she decided to return to work. She interviewed with Roger Meacham, a part-owner and general manager of Elmhurst, and Bob Brietis, Elmhurst's finance manager and a friend of Swanson's husband. As a result of the interview she was hired.

During her first six months at Elmhurst, Swanson worked directly for Brietis, but he was then replaced by Sherry Kullen. This displeased Swanson because she felt she was qualified to replace Brietis.

In late November, 1984, Swanson requested a day off for personal reasons. Kullen denied her request because Swanson had already been absent two days that week. Swanson then went to Meacham, who gave her the day off. Kullen was angry that Swanson went over her head. A few days later, after Swanson missed several more days due to illness, Meacham terminated her, allegedly due to her absenteeism, but more probably in order to placate Kullen.

But Swanson now maintains that her situation involved much more than being absent from the job. She and other witnesses at trial portrayed Meacham as one who frequently confronted her with sexually suggestive remarks, humiliating comments in the presence of other people, and physical contact. Although some of the employees described the employment atmosphere as relaxed and friendly and dismissed Meacham's conduct as harmless teasing, Swanson found the workplace hostile and sexually harassing.

## II.

Although the district court recognized that sexual harassment could amount to discrimination under Title VII (following *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)), he concluded that Swanson was an at-will employee and that she had failed to meet her burden of proof under Title VII by showing that she had lost her job for reasons related to sexual harassment. Rather, he found that although Swanson had proved that she had been sexually harassed by Meacham, the harassment was not connected with her discharge. In his initial ruling, the district court recognized that it could not assess damages for noneconomic losses since Title VII remedies offer only equitable relief, including back pay and reinstatement, but not compensatory damages. Since Swanson was no longer an employee, the court could not exercise its equitable powers to

enjoin the employer from engaging in unlawful conduct, since injunctions are available only to restrain present or threatened unlawful conduct.[1]

However, upon Swanson's motion the district court reconsidered its decision due to the Eleventh Circuit's subsequent opinion in *Huddleston v. Roger Dean Chevrolet, Inc.*, 845 F.2d 900 (11th Cir.1988). The district court found that *Huddleston* involved circumstances almost identical to Swanson's, where the plaintiff alleged sexual harassment by her auto dealership employer. The Eleventh Circuit declared that a plaintiff who alleges discrimination by sexual harassment need not demonstrate tangible economic losses to prove a Title VII violation. Although the *Huddleston* plaintiff did not seek reinstatement, the Eleventh Circuit held that the sexual harassment entitled the plaintiff to recover nominal damages and therefore attorney's fees.

In view of *Huddleston*, the district court found that Swanson also had stated a Title VII claim for sexual harassment. The district court awarded Swanson nominal damages in the amount of one dollar, plus attorney's fees because she was the prevailing party in a Title VII suit. He still refused to reinstate her, however, because Swanson had lost her employment for reasons other than sex or sexual harassment.

## III.

In Title VII sex discrimination cases, discriminatory intent findings are findings of fact entitled to appropriate deference upon appellate review. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 575–76, 105 S.Ct. 1504, 1511, 1512–13, 84 L.Ed.2d 518 (1985) (Title VII). Under Fed.R.Civ.P. 52(a) such findings of fact are not set aside unless clearly erroneous, given the trial court's opportunity to judge witnesses' credibility. *Id.* at 573, 105 S.Ct. at 1511. If there are two permissible views of the evidence, the factfinder's choice be-

---

1. "In the 'pure' hostile environment case, where an employee files an EEOC complaint alleging sexual harassment in the workplace, the employee seeks not money damages but injunctive relief." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 77, 106 S.Ct. 2399, 2410, 91 L.Ed.2d 49 (1986) (Marshall, J., concurring in judgment).

tween them cannot be clearly erroneous. The experience of a trial judge provides him expertise because his major role is the determination of fact. *Id.* at 574, 105 S.Ct. at 1511–12. The standard of review in a challenge to the verdict in a bench trial is identical with that in a jury trial. *IPEC, Inc. v. International Lithographing Corp.,* 869 F.2d 1080, 1083 (7th Cir.1989), citing *United States v. William Thomas,* 864 F.2d 188 (D.C.Cir.1988).

Here, we must resolve the questions of whether there was sufficient evidence for the fact-finder to decide without clear error that Swanson had been sexually harassed by Meacham, but that sex was not a determinative factor in her discharge. *Doe v. First National Bank of Chicago,* 865 F.2d 864, 873–74 (7th Cir.1989). We bear in mind as we review these findings of fact that the trial court based his findings in significant part upon credibility determinations.

Although we may not freely substitute our own beliefs about the facts unless there was a clearly erroneous decision in the district court, we remain free to review errors of law based upon factual findings. Under Rule 52(a) we are obliged to correct errors of law including mixed findings of law and fact, and any finding of fact premised upon a rule of law. *Jennings v. Tinley Park Community Consolidated School District No. 146,* 864 F.2d 1368, 1373 (7th Cir.1988).

### A.

The district court held that Swanson had proven sexual harassment in the work place, even though the harassment did not cause her discharge. Elmhurst, while acknowledging we must give due deference to the factual findings of the district court, claims that the evidence was insufficient to meet the legal standards which constitute sexual harassment. Relying upon *Scott v. Sears, Roebuck & Co.,* 798 F.2d 210 (7th Cir.1986), Elmhurst maintains that the plaintiff must show repetitive, pervasive, and psychologically debilitating effects in order to state a claim for sexual harassment.

As did the district court, we recognize that *Meritor Savings Bank* holds that sexual harassment in the workplace is a form of employment discrimination under Title VII. *Cf. Patterson v. McLean Credit Union,* —— U.S. ——, ——, 109 S.Ct. 2363, 2374–75, 105 L.Ed.2d 132 (1989). *Rabidue v. Osceola Refining Co.,* 805 F.2d 611, 619–20 (6th Cir.1986), sets out the five elements necessary for a sexual harassment claim.

1) The employee was a member of a protected class; 2) the employee was subjected to unwelcomed sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; 3) the harassment complained of was based upon sex; 4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile, or offensive working environment that affected seriously the psychological well-being of the plaintiff; and 5) the existence of respondeat superior liability.

■ As we have said, we will reject the district court's findings as clearly erroneous only when we are of the solid conviction that a mistake has occurred. *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Specifically, unless there is clear error, a court of appeals will respect conclusions of sexual harassment or hostile work environment based upon a district court's credibility choice. *Henson v. City of Dundee,* 682 F.2d 897, 906 (11th Cir. 1982). While the evidence presented was conflicting, at least to the extent of how Meacham's activities were perceived by various employees, we do not conclude that the trial court's finding that Swanson was subjected to sexual harassment was clearly erroneous.

■ In *Scott v. Sears, Roebuck & Co.,* the district court had held that the female plaintiff had failed to meet her burden because the complained-of conduct was *not* so intimidating, offensive, or hostile as to affect the Title VII terms, conditions, or privileges of her employment. 798 F.2d at

211, 213–14. Here, the trial court specifically found that Swanson had been sexually harassed. The facts support that finding, and we will not disturb it.

But the court's more significant finding was that Swanson's discharge was for a reason other than sexual harassment, possibly because of excessive absenteeism but probably in "an attempt by Meacham to placate plaintiff's superior, Kullen" (for his overruling her decision not to give Swanson a day off).

Based on the evidence, we conclude this finding was likewise not clearly erroneous. Nothing in the record ties the discharge, involving incidents occurring in the space of a few days, with the ongoing hostile atmosphere Swanson describes as existing for most of the year of her employment at Elmhurst. At oral argument, Swanson's attorney admitted that her work absences were not caused by illness or other maladies related to sexual harassment or hostile workplace. Rather, Swanson denied that she was excessively absent and claimed that she performed the job well. Her original complaint was structured on wrongful discharge and not hostile environment. Thus, the court clearly did not err when focusing on reasons other than sex as the basis for the discharge.

### B.

After the district court concluded that Swanson was discharged for reasons other than sex, Swanson moved for "reconsideration." [2] In reflecting on his previous order, the judge stated:

> The court found in its April 21, 1988 opinion that plaintiff established a *prima facie* case of sexual harassment against defendant but that plaintiff failed to prove that she was discharged for reasons related to her sex or sexual harassment. The court held that although plaintiff proved that she was sexually harassed affecting her psychological well-being and that psychological well-being was a term and condition of employ-

ment, the court must be in a position to apply equitable relief which it could not do. The court reconsiders this portion of its findings and conclusions in light of the Eleventh Circuit opinion in *Huddleston v. Roger Dean Chevrolet, Inc.,* . . . .

Following the lead in *Huddleston,* the court awarded Swanson nominal damages of $1 plus reasonable attorney's fees since she was now the "prevailing" party. Elmhurst challenges this award of nominal damages and attorney's fees.

*Huddleston* involved a claim of "constructive" discharge due to sexual harassment which affected plaintiff's promotions, salary and other benefits. The plaintiff quit, and the district court found (and the Eleventh Circuit affirmed) that she was not constructively discharged. But the Eleventh Circuit did reverse and held "the *prima facie* case for sexual harassment . . . may entitle her to receive nominal damages and, thus, she could become eligible for an award of attorney's fees." *Huddleston,* 845 F.2d at 905.

Unfortunately neither party here cited to the district court our preexisting opinion in *Bohen v. City of East Chicago, Ind.,* 799 F.2d 1180 (7th Cir.1986). Bohen, a former employee of the city's fire department, claimed she was discharged for, among other things, her sex, and that she was a victim of sexual harassment on the job. *Bohen* closely parallels Swanson's case. Hortencia Bohen was an Hispanic woman hired by the City of East Chicago Fire Department as a dispatcher in 1979 and discharged in 1983. Throughout her employment she was the victim of sexual harassment including pelvic contact, and language of an immediate supervisor that was profane and lewd. Bohen was the target of descriptions of the sexual fantasies of male employees, in which she was the fantasy object. *Bohen,* 799 F.2d at 1182–83.

Nevertheless, the district court denied her claims and concluded that she was fired

---

**2.** The court construed the motion as one to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

for just cause. He further concluded that she was not entitled to nominal damages, costs and attorney's fees under Title VII for sexual harassment that did not result in discharge. In affirming the district court, this court held:

> Several circuits have begun to suggest in *dicta* that nominal damages could be awarded in situations like these to create a remedy on which to tack an award of costs and attorney's fees [citations omitted]. We believe the better view, in accord with the majority of decisions, is that no damages are available under Title VII. If Congress wishes to amend the provisions of Title VII to provide a remedy of damages, it can do so. Until then, this court may only enforce the statute as written, and as currently written Title VII does not contemplate damages.

*Id.* at 1184.

The district court in *Bohen* had elaborated further, pointing out that an award of damages is legal relief as opposed to equitable relief.[3] Title VII could not permit legal relief without affording both parties a right to a jury trial. *Bohen v. City of East Chicago,* 622 F.Supp. 1234, 1244–45 (D.C.Ind.1985). Title VII plainly declares that a court may order such affirmative action as is appropriate, including but not limited to reinstatement, back pay, or any other equitable relief deemed appropriate by the court. 42 U.S.C. § 2000e–5(g).[4] Here, as in *Bohen,* where reinstatement, back pay, and any other sources of compensatory damages are not available, the defendant must prevail. Since nominal damages are not available as equitable relief, we must reverse the district court.

Under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, the district court may award attorney's fees to a prevailing party in civil rights litigation. But since Swanson cannot recover any award under Title VII, Elmhurst must receive judgment even if there has been a violation of that statute. *Rhodes v. Stewart,* —— U.S. ——, 109 S.Ct. 202, 203–04, 102 L.Ed.2d 1 (1988) (42 U.S.C. § 1983).

At first blush, this result may seem harsh since Swanson has proved sexual harassment in the workplace. But her claim was for wrongful discharge because of unfounded claims of absenteeism and poor work performance. Harassing as the environment may have been, that was not the basis for her challenge of the discharge. Since no damages are available under Title VII (to redress violations of Title VII that have not led to the discharge) this court will enforce that statute as written. *Bohen,* 799 F.2d at 1184. There being neither an unlawful discharge here, nor a lawful award of nominal damages, the decision of the district court awarding nominal damages and attorney fees is

REVERSED.

---

**3.** The sexual harassment/nominal damages rationale applied by our *Bohen* appellate opinion was correctly articulated with somewhat greater elaboration by the district court opinion in that case, with which in relevant part this court agreed. *Bohen v. City of East Chicago, Ind.,* 622 F.Supp. 1234, 1245–46 (D.C.Ind.1985). See *Bohen v. City of East Chicago, Ind.,* 799 F.2d 1180, 1189 (7th Cir.1986).

**4.** Section 2000e–5(g) provides in relevant part: If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer ... responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate....