908 F.2d 975
 53 Fair Empl.Prac.Cas. 1104
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Veon GARRISON, Plaintiff-Appellant,
v.
CITY OF INDIANAPOLIS and Indianapolis Department of
Administration, Defendants-Appellees.
 No. 89-1046.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1990.*
Decided July 18, 1990.
 
 Before WALTER J. CUMMINGS, and HARLINGTON WOOD, JR., Circuit Judges, and WILBUR F. PELL, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant Veon Garrison appeals from the district court's entry of judgment in favor of defendants in this civil rights action alleging discharge from employment based on racial discrimination. We affirm.[1]
 
 I.
 
 2
 The details underlying Garrison's action were adequately presented by the district court and will not be repeated here. In short, Garrison, who is black, was a vehicle maintenance employee with the City of Indianapolis. He was discharged from his position after being accused of stealing city property. Garrison claimed the termination was actually the result of racial discrimination, and filed an action in district court under 42 U.S.C. Secs. 1981, 1983 and 2000e et seq.. The district court held a three-day bench trial, and entered judgment in favor of the city. Garrison raises three issues on appeal from that judgment.
 
 II.
 
 3
 Our review of the district court's decision that the city did not intentionally discriminate against Garrison is limited to determining whether that decision was clearly erroneous. Swanson v. Elmhurst Chrysler Plymouth, 882 F.2d 1235, 1237 (7th Cir.1989); Doe v. First National Bank of Chicago, 865 F.2d 864, 874 (7th Cir.1989). To reverse such a finding, we must be " 'left with the definite and firm conviction that a mistake has been committed.' " Andersen v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). The fact-finder's choice between two permissible views of the evidence cannot be clearly erroneous. Swanson, 882 F.2d at 1237-38.
 
 III.
 
 4
 Garrison first challenges the district court's finding that he was not similarly situated to the white employees with whom he compared himself. The court found that of the five white employees Garrison compared himself to, two were members of management rather than hourly employees, and three had much more seniority than Garrison. In Doe, 865 F.2d at 877, we held that an employee's long tenure and generally strong employment record were properly considered by the district court in finding that plaintiff was not similarly situated to certain other employees. Moreover, the district court in our case found that the acts of these employees were sufficiently different than Garrison's, since none of them had been accused of theft of city property. Since the court's finding that the other employees were not similarly situated was plausible, it must stand. Chesser v. Illinois, 895 F.2d 330, 334 (7th Cir.1990).
 
 
 5
 Second, Garrison challenges as clearly erroneous the district court's finding that defendants' articulated reasons for discharge were not a pretext for discrimination. Again, we disagree. Where, as here, the district court's finding is based heavily upon credibility determinations, we must be even more deferential to the district court's decision. Doe, 865 F.2d at 874. The court specifically credited the testimony of Charles Chapman, who was the primary witness to the acts upon which the discharged was based: the stealing of a car battery and three other incidents of misappropriating city property. The reasonableness of the city's investigation of the reports of Garrison's thefts was also a determination based significantly upon credibility, and we believe the evidence presented by the city was more than sufficient to prevent a clearly erroneous determination on review. Following Chapman's eyewitness account of the theft of the battery, the city investigated Garrison's work orders, checked its inventory, took depositions of two witnesses, located voided parts requisition forms, and received the input of counsel. When the city confronted Garrison with this information he provided an explanation of the facts which was inconsistent with the eyewitnesses' testimony and the other facts the city had gathered. The City Personnel Director upheld the termination in Garrison's grievance procedure, as did an impartial arbiter after a full hearing. The only evidence offered by Garrison to refute the legitimacy of the city's proffered reasons was his testimony that he did not commit the thefts of which he was accused. Given the evidence presented by the city, we cannot find clearly erroneous the district court's finding that the city's legitimate reason for discharge (theft of city property) was a pretext for discrimination.[2]
 
 
 6
 Garrison's final argument on appeal is that his proof was "sufficient to support the inference of discriminatory intent and constitute a case of discriminatory discharge." If Garrison's argument is taken to mean he made out a sufficient prima facie case of discrimination to receive an initial presumption of discrimination, his argument is without merit since such presumptions and burden shifting are irrelevant once a discrimination case goes to trial.
 
 
 7
 [W]hen the defendant fails to persuade the district court to dismiss the case for lack of a prima facie case, and responds to the plaintiff's proof by offering evidence of the reason for plaintiff's rejection [or dismissal], the factfinder must then decide whether the rejection was discriminatory within the meaning of Title VII. At this stage, the McDonnell-Burdine presumption 'drops from the case,' ... and 'the factual inquiry proceeds to a new level of specificity.' ...
 
 
 8
 The 'factual inquiry' in a Title VII case is '[whether] the defendant intentionally discriminated against the plaintiff.' ... In short, the district court must decide which party's explanation of the employer's motivation it believes.
 
 
 9
 U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 714-16 (1983) (citations omitted); see also Yowell v. United States Postal Service, 810 F.2d 644, 647 (7th Cir.1987).
 
 
 10
 If we instead interpret Garrison's argument to challenge the ultimate finding of no discriminatory intent by defendants, we still find no merit to the contention because we hold that the district court's decision was not clearly erroneous. There was more than enough evidence supporting the city's explanation of its motivation to prevent a holding here that the district court was clearly erroneous in believing that explanation. Given the two findings we upheld above, the district court did not commit clear error in finding that Garrison's race was not a 'but for' cause of his termination, Doe, 865 F.2d at 875, but rather that the termination was based on his alleged theft of city property.
 
 
 11
 The district court's grant of judgment to defendants is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Appellees filed a motion to strike portions of Garrison's Third Initial Brief, arguing that his brief is not in compliance with two previous orders of this court which granted appellees' motions to strike. Given our disposition of the case we deny this motion, but note that we have not considered any material outside of the district court record
 
 
 [2]
 The city also presented evidence that in the recent past, four employees other than Garrison had been charged by the city with theft of city property, all were terminated, and all were white