Juanita GUESS, Plaintiff–Appellant,

v.

BETHLEHEM STEEL CORPORATION,
Defendant–Appellee.

No. 89–1284.

United States Court of Appeals,
Seventh Circuit.

Submitted July 20, 1990.

Decided Sept. 20, 1990.

Rehearing Denied Nov. 28, 1990.

John R. Highland, Valparaiso, Ind., for plaintiff-appellant.

Katharine E. Gerken, Larry G. Evans, Hoeppner, Wagner & Evans, Valparaiso, Ind., for defendant-appellee.

Before WOOD, Jr., CUDAHY, and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Juanita Guess sued her employer, Bethlehem Steel Corporation, charging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 plus breach of contract and intentional infliction of emotional distress in violation of Indiana law. On Bethlehem's motion for summary judgment, the district judge dismissed the two state-law claims but held that Bethlehem must go to trial on the claim of sexual harassment. At the close of the plaintiff's case the district judge granted Bethlehem's motion for involuntary dismissal, Fed.R. Civ.P. 41(b), on the ground that the plaintiff had failed to establish an element of the prima facie case of sexual harassment—that the defendant had failed to take remedial action promptly after discovering the harassment.

Should the case have been dismissed even earlier? It might seem that since the plaintiff was not fired (whether actually or constructively) or demoted, and therefore

cannot demand reinstatement or back pay, and since Title VII does not authorize the award of common law damages, or an award of attorney's fees if no other relief is awarded, the Title VII claim should have been dismissed before trial, as in *Bohen v. City of East Chicago*, 799 F.2d 1180, 1184 (7th Cir.1986), and *Swanson v. Elmhurst Chrysler Plymouth, Inc.*, 882 F.2d 1235, 1239–40 (7th Cir.1989), regardless of the merits of the claim. Cf. *id.* at 1240. If that had been done, jurisdiction should have been relinquished over the pendent claims in accordance with the rule that (with immaterial exceptions) requires this result when the federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). However, besides requesting pecuniary relief unlikely to be obtainable under Title VII, the complaint seeks injunctive relief—an order requiring the defendant to fire the employee who harassed the plaintiff and to establish a mechanism for preventing further sexual harassment of the plaintiff and other employees.

■ So both the Title VII claim and the pendent claims are properly before us, and we can proceed to the merits. The facts are straightforward. One day a foreman at the plant where Mrs. Guess works picked her up under her arms, set her down, and forced her face against his crotch. She hit him, cursed him, and left crying amidst the laughter of the foreman and other male workers who witnessed the incident. She complained promptly to supervisory employees, who reprimanded the foreman, ordered him to stay away from Mrs. Guess, and later denied him a promotion and a merit raise. The incident occurred in 1986 and, so far as we are advised, there have been no similar incidents since.

Title VII's prohibition against sex discrimination in working conditions was held in *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), to include sexual harassment in the workplace. But as the statute does not use the term or otherwise refer specifically to the conduct described by it, the metes and bounds of the wrong have been left for definition by the courts, which in turn have drawn heavily on interpretive regulations issued by the Equal Employment Opportunity Commission. 29 C.F.R. § 1604.11. These regulations are the ultimate source of the view expressed by the district judge in this case that the prima facie case of employer liability for sexual harassment by a coworker of the plaintiff requires proof that the employer did not respond promptly and effectively when it was apprised of (or should have discovered) the harassment.

The pertinent regulation provides that "with respect to conduct between fellow employees, an employer is responsible for acts of sexual harassment in the workplace where the employer (or its agents or supervisory employees) knows or should have known of the conduct, unless it can show that it took immediate and appropriate corrective action." 29 C.F.R. § 1604.11(d). Although the EEOC's regulations do not have the force of law—they are merely advisory—they have been influential with the courts, which are fond of paraphrasing the formula that we just quoted. Thus in *Barrett v. Omaha National Bank*, 726 F.2d 424, 427 (8th Cir.1984), we read that "sexual harassment by a co-employee is not a violation of Title VII unless the employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action." Essentially the same formulation appears in *Katz v. Dole*, 709 F.2d 251, 255 (4th Cir.1983), and *Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 621 (6th Cir.1986), as well as in our own *Brooms v. Regal Tube Co.*, 881 F.2d 412, 421 (7th Cir.1989).

Unfortunately, some of the cases have created potential confusion by calling the standard of employer liability that they endorse a form of respondeat superior. *Katz*, for example, describes the standard as a "theory of respondeat superior," 709 F.2d at 255, and *Rabidue* equates the standard to "respondeat superior liability," 805 F.2d at 621, having earlier, in summarizing the elements of the prima facie case, listed as element number five "the existence of respondeat superior liability." *Id.* at 619–

20. See also *Swanson v. Elmhurst Chrysler Plymouth, Inc.*, 882 F.2d 1235, 1238 (7th Cir.1989). In like vein *Jones v. Flagship International*, 793 F.2d 714, 720 (5th Cir.1986), defines element number five as "(5) *Respondent [sic] superior, i.e.*, that the employer knew or should have known of the harassment in question and failed to take prompt remedial action." The truth is that respondeat superior is, from the employer's standpoint, a doctrine of strict liability. It makes the employer liable, regardless of what he knew or should have known or did or should have done, for the torts that his employees commit in the course of, or (in the case of intentional torts) in the furtherance of, their employment. But it is clear from the *Meritor* decision, as well as from the EEOC's regulation and the cases that we have cited, that an employer's liability for sexual harassment by the plaintiff's coworker is *not* strict. 477 U.S. at 72–73, 106 S.Ct. at 2408–09.

The problem is merely a semantic one; the standard has been mislabeled. It is not respondeat superior. *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1421–22 (7th Cir.1986); cf. *Lancaster v. Norfolk & Western Ry.*, 773 F.2d 807, 818–19 (7th Cir.1985). It is a negligence standard that closely resembles the "fellow servant" rule, from the era when industrial accidents were governed by negligence rather than workers' compensation law. *Pomer v. Schoolman*, 875 F.2d 1262, 1266 (7th Cir.1989). Under that rule, see *id.*, as under Title VII (besides the cases cited earlier, see *Bundy v. Jackson*, 641 F.2d 934, 947 (D.C.Cir.1981), and *Waltman v. International Paper Co.*, 875 F.2d 468, 479 (5th Cir.1989)), the employer, provided it has used due care in hiring the offending employee in the first place, is liable for that employee's torts against a coworker only if, knowing or having reason to know of the misconduct, the employer unreasonably fails to take appropriate corrective action. The employer acts unreasonably either if it delays unduly or if the action it does take, however promptly, is not reasonably likely to prevent the misconduct from recurring.

Bethlehem's promptness in taking corrective action in this case is not in question, but only the effectiveness of the action it took. That is a question of fact and we cannot say that the district judge committed a clear error in concluding that the plaintiff had failed to show ineffectiveness, especially when there was evidence that the misbehaving foreman was responsive to discipline and that the misconduct was not repeated.

Guess argues that one of the corrective steps that Bethlehem took, even if effective, was improper: to transfer her rather than the foreman out of the department in which the incident occurred, in order to reduce the chances of a recurrence. She relies on a simple syllogism, which while we cannot find it in any previous case seems to us to state the law correctly: A remedial measure that makes the victim of sexual harassment worse off is ineffective per se. A transfer that reduces the victim's wage or other remuneration, increases the disamenities of work, or impairs her prospects for promotion makes the victim worse off. Therefore such a transfer is an inadequate discharge of the employer's duty of correction. Fine; but that is not what happened here. Guess was on temporary assignment to the unit in which she encountered the misbehaving foreman and was merely returned to her regular employment after completing the temporary assignment.

■ Guess's tort and contract claims—properly retained for decision on the merits by the district judge once he decided that the claim of sexual harassment had to go to trial, cf. *United Mine Workers v. Gibbs, supra*, 383 U.S. at 726, 86 S.Ct. at 1139; *Argento v. Village of Melrose Park*, 838 F.2d 1483, 1491 (7th Cir.1988)—were correctly dismissed too. Those claims recast sexual harassment as infliction of emotional distress and failure to provide a safe workplace. Since we know from the results of the trial that the employer was not negligent or otherwise at fault, let alone an intentional wrongdoer, in the incident of which the plaintiff complains, it is apparent that she is trying to circumvent the provi-

**466**

sion of Indiana's Workmen's Compensation Law that makes workmen's compensation the exclusive remedy for injuries, physical or mental, arising out of the employment relationship. Ind.Code § 22–3–2–6. We need not leave this to inference. *Fields v. Cummins Employees Federal Credit Union,* 540 N.E.2d 631, 635–36 (Ind.App.1989), holds that a claim under Indiana law against an employer for sexual harassment by a coworker of the plaintiff is within the exclusive jurisdiction of the workmen's compensation law, which provides an administrative remedy not litigable in federal court under either the pendent or the diversity jurisdiction of the federal courts. *Begay v. Kerr–McGee Corp.,* 682 F.2d 1311, 1317–19 (9th Cir.1982); *Trembath v. St. Regis Paper Co.,* 753 F.2d 603, 605–06 (7th Cir.1985); *Wolfe v. Commercial Union Ins.,* 792 F.2d 87, 91 (7th Cir.1986); *Beach v. Owens–Corning Fiberglas Corp.,* 728 F.2d 407, 409 (7th Cir.1984).

AFFIRMED.