**CHRYSLER MOTORS CORPORATION, Plaintiff–Appellant, Cross–Appellee,**

v.

**INTERNATIONAL UNION, ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL–CIO, and Local 793 thereof, Defendants–Appellees, Cross–Appellants.**

Nos. 90–1423, 90–1804.

United States Court of Appeals, Seventh Circuit.

Argued June 6, 1991.

Decided April 3, 1992.

Ely A. Leichtling, Quarles & Brady, Milwaukee, Wis., Gregory S. Muzingo (argued), K.C. Hortop, Highland Park, Mich., for plaintiff-appellant, cross-appellee.

Kenneth R. Loebel, Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, Milwaukee, Wis. (argued), for defendants-appellees, cross-appellants.

Before RIPPLE and KANNE, Circuit Judges, and NOLAND, Senior District Judge.*

KANNE, Circuit Judge.

Ronald Gallenbeck was discharged from his position as a fork lift operator by Chrysler Motors Corporation after he sexually assaulted a female co-worker.[1] Pursuant to Chrysler's collective bargaining agreement with the International Union, Allied Industrial Workers of America, AFL–CIO, and its union local (the Union), the Union filed a grievance protesting Gallenbeck's discharge. Chrysler denied the grievance and the matter proceeded to arbitration. The collective bargaining agreement provided that employees could be discharged for "just cause" and that the arbitrator had authority to decide questions as to the meaning and application of the agreement terms. Although Chrysler presented evidence that Gallenbeck had committed four other incidents in which he intentionally grabbed and/or pinched female co-workers, the arbitrator found that Chrysler acquired this information after the discharge and therefore the arbitrator refused to consider it. The arbitrator also found that the evidence upon which Gallenbeck's discharge was based did not indicate that he could not be rehabilitated. The arbitrator concluded that severe discipline short of discharge would be adequate to deter him from further misconduct and to demonstrate to all employees Chrysler's opposition to sexual harassment. The arbitrator determined that Gallenbeck was not discharged for "good cause" and reduced the penalty to a 30–day suspension, and directed Chrysler to reinstate Gallenbeck with back pay.

Both parties sought summary judgment in the district court. Chrysler asked to have the arbitration award set aside on the basis that the decision of the arbitrator is contrary to the public policy against sexual harassment in the work place. The Union sought dismissal of Chrysler's complaint and counterclaimed for prejudgment interest on the award of back pay and attor-

---

* The Honorable James E. Noland, Senior District Judge for the Southern District of Indiana, is sitting by designation.

1. The facts are undisputed. During a telephone conversation, Gallenbeck put down the tele-

phone receiver and approached the co-worker from behind and grabbed her breasts as she inspected a door panel nearby. He then returned to the telephone and stated, "Yup, they're real."

ney's fees. The district court affirmed the arbitration award and ordered its enforcement, but denied the Union's request for prejudgment interest and attorney's fees. The parties appeal and we affirm.[2]

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party moving for summary judgment must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *McGraw–Edison Co. v. Walt Disney Productions*, 787 F.2d 1163, 1167 (7th Cir.1986).

It is well settled that judicial review of arbitration awards is extremely limited. *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987); *E.I. DuPont de Nemours & Co. v. Grasselli Employees Independent Ass'n*, 790 F.2d 611, 614 (7th Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 186, 93 L.Ed.2d 120 (1986). "Unless the arbitral decision does not 'draw its essence from the collective bargaining agreement,' a court is bound to enforce the award and is not entitled to review the merits of the contract dispute." *W.R. Grace & Co. v. Local Union 759, International Union of United Rubber*, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983) (citation omitted); *Misco*, 484 U.S. at 36, 108 S.Ct. at 370.

Chrysler argues that enforcement of the arbitration award directing reinstatement of an employee who sexually assaulted a co-worker violates public policy. While the merits of a grievance are for an arbitrator, the question of public policy is wholly independent from the collective bargaining agreement and is ultimately one for the courts. *Grace*, 461 U.S. at 766, 103 S.Ct. at 2183; *DuPont*, 790 F.2d at 615;

*Amalgamated Meat Cutters & Butcher Workmen v. Jones Dairy Farm*, 680 F.2d 1142, 1144 (7th Cir.1982). As with any contract, a court may not enforce an arbitrator's interpretation of a collective bargaining agreement that is contrary to public policy. *Grace*, 461 U.S. at 766, 103 S.Ct. at 2183; *Misco*, 484 U.S. at 42, 108 S.Ct. at 373. "Such a policy, however, must be well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" *Grace*, 461 U.S. at 766, 103 S.Ct. at 2183 (citation omitted). The public policy doctrine allows this court to decide *de novo* whether the arbitrator's reinstatement of Gallenbeck violates public policy. *DuPont*, 790 F.2d at 617.

The public policy against sexual harassment in the work place is well-recognized. *See Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986); *Swanson v. Elmhurst Chrysler Plymouth, Inc.*, 882 F.2d 1235, 1238 (7th Cir.1989), *cert. denied*, 493 U.S. 1036, 110 S.Ct. 758, 107 L.Ed.2d 774 (1990); *Newsday, Inc. v. Long Island Typographical Union, No. 915, CWA*, 915 F.2d 840, 844–45 (2d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1314, 113 L.Ed.2d 247 (1991). Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex: 42 U.S.C. § 2000e–2. The Equal Employment Opportunity Commission (EEOC) promulgated guidelines which provide that verbal or physical conduct of a sexual nature constitute sexual harassment (a form of sex discrimination) when such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. 29 C.F.R. § 1604.11(a) (1991). Employers must take

---

**2.** After requesting an appeal, Chrysler rehired Gallenbeck and discharged him the same day on the basis of the incidents of sexual harassment not considered by the arbitrator. The Union asked to have Chrysler held in contempt for attempting to evade the district court's order enforcing the arbitrator's award, to which Chrysler had not sought a stay. We reversed the district court's finding that Chrysler's appeal

to this court divested it of jurisdiction to hear the Union's motion because Chrysler appealed from an injunction, which was not a final order. *See* 28 U.S.C. § 1292(a)(1). Upon our suggestion, the district court deferred any contempt proceedings pending appeal and denied the Union's motion without prejudice. *See Chrysler Motors Corp. v. International Union, Allied Industrial Workers*, 909 F.2d 248 (7th Cir.1990).

all necessary steps to prevent sexual harassment in the work place, such as expressing strong disapproval of the conduct and developing appropriate sanctions. 29 C.F.R. § 1604.11(d), (f) (1991).

Chrysler contends that the arbitrator's interpretation of the collective bargaining agreement and his order reinstating Gallenbeck violate that public policy. Chrysler takes issue with the arbitrator's statements that:

> Under the principle of just cause[,] extremely serious offenses, such as stealing or striking a foreman[,] usually justify summary discharge without the necessity of prior warnings or attempts at corrective discipline. Less serious infractions call not for discharge for the first offense, but for some milder penalty aimed at correction.

Chrysler argues that the arbitrator created an inappropriate sex based "double standard" by finding that striking a supervisor (usually a man) is a serious offense warranting discharge whereas sexual harassment (in which the victim is usually a woman) is not such a serious offense. Chrysler submits that this "double standard" becomes the "rule of the shop," in which employees with similar work records as Gallenbeck could expect to receive only minor penalties for sexual harassment and under which it would be impossible to forecast when such conduct would rise to the level of a dischargeable offense.

To support this argument, Chrysler cites *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) as an articulation of the public policy against the utilization of double standards in employment decisions. *Price Waterhouse* involved the denial of a promotion on the basis of an employee's sex, which the Court found to be impermissible sex stereotyping, i.e., the application of a double standard based on gender. Chrysler's suggestion that the arbitrator created a similar "double standard" has no merit. The arbitrator began his decision by stating that where an employment contract provides that an employee may be disciplined or discharged for just cause, the degree of discipline imposed must reasonably relate to the seriousness of the employee's proven offense and the employment record of the employee. Therefore, the statements that Chrysler finds objectionable only indicate the arbitrator's belief that Gallenbeck's misconduct, as a first offense, was not serious enough to justify discharge without prior warnings or attempts at corrective discipline.

In the absence of any explicit provision, the arbitrator is free to bring " 'his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies.' " *Misco*, 484 U.S. at 41, 108 S.Ct. at 372 (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)). "[W]here it is contemplated that the arbitrator will determine remedies for contract violations that he finds, courts have no authority to disagree with his honest judgment in that respect." *Id.*, 484 U.S. at 38, 108 S.Ct. at 371.

The arbitrator found it significant that Gallenbeck had not received warnings or discipline for any prior misconduct before being discharged. *See Newsday*, 915 F.2d 840; *Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173*, 886 F.2d 1200 (9th Cir.1989) *(en banc), cert. denied*, 495 U.S. 946, 110 S.Ct. 2205, 109 L.Ed.2d 531 (1990); *Communication Workers of America v. Southeastern Electric Cooperative*, 882 F.2d 467 (10th Cir. 1989); *United States Postal Service v. National Ass'n of Letter Carriers*, 839 F.2d 146 (3rd Cir.1988). The arbitrator also found that the evidence upon which Gallenbeck's discharge was based did not indicate that he could not be rehabilitated and that Chrysler had a system of progressive discipline. *See Stead*, 886 F.2d at 1213 ("[A] court would be hard-pressed to find a public policy barring reinstatement in a case in which an arbitrator, has, expressly or by implication, determined that the employee is subject to rehabilitation and therefore not likely to commit an act which violates the public policy in the future."); *DuPont*,

790 F.2d at 615–16 (refusing to second-guess arbitrator's reinstatement order given employer's failure to show that reinstatement would, in itself, violate public policy); *Communication Workers*, 882 F.2d 467 (reinstatement of employee who sexually assaulted a customer did not violate public policy where arbitrator found employee's conduct was an aberration which could be remedied by punishment less severe than discharge).[3]

■ The arbitrator concluded that, under the circumstances, a 30-day suspension rather than discharge was an adequate sanction. While we do not condone Gallenbeck's behavior, it was within the purview of the collective bargaining agreement and public policy for the arbitrator to order his reinstatement. *See Misco*, 484 U.S. at 45, 108 S.Ct. at 374 (courts cannot upset award because of their own view that public policy is threatened); *Stead*, 886 F.2d at 1212. The district court properly enforced the arbitration award.[4]

■ The Union cross-appeals the district court's denial of its request for prejudgment interest on the award of back pay and attorney's fees. The award of prejudgment interest in an action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, is within the discretion of the trial judge. *International Ass'n of Bridge, Local Union No. 103 v. Higdon*

*Constr. Co., Inc.*, 739 F.2d 280, 283 (7th Cir.1984). The district court found that the Union failed to state specific facts or law in support of an award of prejudgment interest. On appeal, the Union argues that the denial of prejudgment interest improperly rewards Chrysler for its noncompliance with the arbitration award and that such interest is necessary to make Gallenbeck whole. This reasoning is insufficient to support an award of prejudgment interest because it can be used any time an employer seeks review of an arbitration award ordering reinstatement but is unsuccessful. *See Oil, Chemical & Atomic Workers International Union v. American Cyanamid Co.*, 546 F.2d 1144 (5th Cir.1977) (Union's allegation that prejudgment interest was necessary to make plaintiffs whole was not sufficient to show district court abused its discretion in denying interest because reasoning would apply in any successful § 301 suit for damages under a collective bargaining agreement). The district court did not abuse its discretion in refusing to award prejudgment interest.

■ Although § 301 does not expressly authorize the award of attorney's fees, a prevailing party is entitled to such fees if the opponent's suit has no merit or is "frivolous," that is, brought in bad faith to harass rather than to win. *Local 879, Allied Industrial Workers v. Chrysler Marine Corp.*, 819 F.2d 786, 791 (7th Cir.

---

3. As the district court noted, courts have refused to enforce arbitration awards ordering reinstatement where the discharged employees' conduct violated public policies while performing duties integral to their employment and where reinstatement would have jeopardized public health or safety. *See Delta Air Lines, Inc. v. Air Line Pilots Ass'n, International*, 861 F.2d 665 (11th Cir.1988), *cert. denied*, 493 U.S. 871, 110 S.Ct. 201, 107 L.Ed.2d 154 (1989) (denied reinstatement to pilot who flew passenger plane while intoxicated); *Iowa Electric Light & Power Co. v. Local 204 of International Brotherhood of Electrical Workers*, 834 F.2d 1424 (8th Cir.1987) (nuclear power plant machinist discharged for deliberately violating federally mandated safety regulation); *Amalgamated Meat Cutters & Butcher Workmen, Local Union 540 v. Great Western Food Co.*, 712 F.2d 122 (5th Cir.1983) (vacated award ordering reinstatement of trucker caught drinking on duty). The district court found that Gallenbeck was not performing the integral duties of his position as a fork lift operator when he assaulted his co-worker.

4. Chrysler contends that the district court erred in refusing to review the evidence of Gallenbeck's other incidents of sexual harassment which was not considered by the arbitrator. The parties bargained for the evidentiary matters and factual findings to be made by an arbitrator, and a reviewing court cannot disregard those factual determinations or supplement them with its own. *Stead*, 886 F.2d at 1207. The district court properly deferred to the arbitrator's conclusion that because Chrysler did not rely on the evidence in discharging Gallenbeck it was not relevant. *See Misco*, 484 U.S. at 39–40 n. 8, 108 S.Ct. at 371 n. 8 (approach consistent with practice followed by many arbitrators). In *Misco*, the Court rebuked courts for finding facts and drawing inferences, but noted that the Court of Appeals properly reviewed established evidence that was not considered by the arbitrator in its public policy inquiry.

1987); *Miller Brewing Co. v. Brewery Workers Local Union No. 9,* 739 F.2d 1159, 1167 (7th Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985). In light of the Supreme Court's acknowledgement in *Misco* that the Courts of Appeals are divided on the question of when courts may set aside arbitration awards as contravening public policy, 484 U.S. at 35, 108 S.Ct. at 369, and the district court's finding that this Circuit has not re-evaluated the public policy exception in a case involving employee misconduct since *Misco,* Chrysler's appeal of the arbitration award was not frivolous. *See Sheet Metal Workers Local Union No. 20 v. Baylor Heating and Air Conditioning, Inc.,* 688 F.Supp. 462, 474 (S.D.Ind.1988), *aff'd,* 877 F.2d 547 (7th Cir.1989) (attorney's fees should not be granted if law is unsettled). The district court properly denied the Union's request for attorney's fees.[5]

The judgment of the district court is AFFIRMED.

---

5. The Union also requests attorney's fees for this appeal pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Because Chrysler's appeal was not totally without merit, attorney's fees are denied. *See Mays v. Chicago Sun–Times,* 865 F.2d 134, 138–39 (7th Cir.) (awarding attorney's fees for frivolous appeal where appellant merely restated arguments that the district court properly rejected), *cert. denied,* 493 U.S. 900, 110 S.Ct. 259, 107 L.Ed.2d 209 (1989); *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace Workers, Dist. No. 8,* 802 F.2d 247, 255 (7th Cir.1986) (awarding attorney's fees on appeal where appellant failed to identify any arguable error in the district court's decision); *Indianapolis Colts v. Mayor & City Council,* 775 F.2d 177, 184 (7th Cir.1985) (attorney's fees awarded for appeal that was "wholly without merit").